**ALD-106**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2931
_____

JONATHAN PENA,
                    Appellant

v.

KEVIN CLARK; T. WATERS; A. FRITZINGER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-01536)
District Judge:  Honorable Robert D. Mariani

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 17, 2022

Before:  JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 28, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jonathan Pena, a prisoner proceeding pro se and in forma pauperis, appeals the District Court's order granting summary judgment to the defendants in his civil rights action.  We will summarily affirm the District Court's judgment.

I.

In 2019, Pena filed a complaint in state court against Lieutenant Kevin Clark and correctional officers T. Waters and A. Fritzinger, all employees of the State Correctional Institution – Mahanoy.  Pena alleged that after randomly searching his cell and person in October 2017, the defendants verbally threatened him, confiscated items from his cell in violation of Department of Corrections policy, and fabricated information in a misconduct filed against him.  The misconduct at issue charged Pena with possession or use of a dangerous or controlled substance; gambling or possession of gambling paraphernalia; possession of contraband; lying to an employee; and failure to report the presence of contraband.[1]  Pena admitted to the gambling charge but maintained that he did not possess drugs, while the defendants contended that seven pieces of paper located during the search of Pena's cell tested positive for the presence of Suboxone.  According to Pena, the defendants never produced the test results or the pair of pants they claimed to have located the paper in.

Following a disciplinary hearing, Pena was found guilty of all charges except for possession of contraband and sentenced to a total term of 210 days in the Restricted Housing Unit ("RHU") and loss of his job.  According to Pena, he was not permitted to

---

[1] Pena was also charged criminally with possession of a controlled substance, although the charge was ultimately disposed of by nolle prosequi.

2

call witnesses on his behalf, and defendants Clark and Waters improperly attended the hearing. Pena also suggested that the defendants' actions resulted in his transfer to a different institution. In addition to raising several state-law claims, Pena alleged that the defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment and deprived him of due process in violation of the Fourteenth Amendment.

The defendants removed the action to the United States District Court for the Middle District of Pennsylvania, and after a period of discovery, filed a motion for summary judgment. The District Court ultimately granted the motion, and Pena timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted); see also Fed. R. Civ. P. 56(a). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court first concluded that Pena failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), because he did not appeal his misconduct disposition beyond the first level of the prison's three-level appeal process. See Jones v. Bock, 549 U.S. 199, 218 (2007) (noting that "to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules," which "are defined . . . by the prison grievance process itself" (internal quotation marks and citation omitted)). In so holding, the District Court rejected as impermissibly vague Pena's contention that he filed a second-level appeal but was never provided with a response. But even assuming Pena's allegations created a genuine dispute as to whether administrative remedies were unavailable, see Shifflett v. Korszniak, 934 F.3d 356, 365 (3d Cir. 2019), we agree with the District Court that the defendants were nonetheless entitled to judgment as a matter of law on Pena's constitutional claims.

With respect to Pena's Eighth Amendment claim, only "extreme deprivations" are sufficient to make out a conditions of confinement claim, Hudson v. McMillian, 503 U.S. 1, 8-9 (1992), such as when a prisoner has been denied "basic human needs, such as food, clothing, shelter, sanitation, medical care and personal safety," Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997). Here, to the extent that Pena's claim arose out of his confinement in the RHU after being found guilty of the allegedly false misconduct charges, such confinement does not, standing alone, constitute cruel and unusual punishment. See Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992), superseded by statute on other grounds as stated in Nyhuis v. Reno, 204 F.3d 65, 71 n.7 (3d Cir. 2000).

4

And insofar as Pena's claim rested on the defendants' alleged verbal threats against him, it also fails. See McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment"); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment."). Thus, we agree with the District Court that the defendants were entitled to summary judgment on this claim.

As for Pena's due process claim, we agree with the District Court that 210 days in disciplinary segregation, by itself, does not amount to an "atypical and significant" hardship that implicates due process concerns. See Sandin v. Conner, 515 U.S. 472, 484-86 (1995) (explaining that "[d]iscipline by prison officials in response to a wide range of misconduct" is expected as part of an inmate's sentence); see also Smith v. Mensinger, 293 F.3d 641, 653-54 (3d Cir. 2002) (holding that seven months of disciplinary confinement did not violate a protected liberty interest). Pena also lacks a due process liberty interest in his prison job. See James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989). To the extent that Pena suggested the defendants were also responsible for his later transfer to a different prison, moreover, the District Court correctly observed that prisoners do not have a liberty interest in being confined to a particular institution. See Meachum v. Fano, 427 U.S. 215, 225 (1976). Therefore, we agree with the District Court that summary judgment was warranted on this claim.[2]

---

[2] The District Court also concluded that Pena's Fourteenth Amendment claim pertaining to his disciplinary hearing was barred under Heck v. Humphrey, 512 U.S. 477 (1994),

5

To the extent that Pena contended that the defendants' confiscation of his property—packs of cigarettes and tobacco—in violation of DOC policy also violated his rights to due process, the District Court properly concluded that Pena had an adequate post-deprivation remedy for the loss under prison grievance procedures and state law. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000); see also 42 Pa. Cons. Stat. § 8522(a), (b)(3).

Finally, Pena also asserted state-law claims, which the District Court did not address. We interpret the District Court to have declined to exercise supplemental jurisdiction over those claims and discern no abuse of discretion in this decision. See 28 U.S.C. § 1367(c)(3); see also Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017); Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 175 (3d Cir. 1999).

Accordingly, we will affirm the judgment of the District Court.[3]

---

and Edwards v. Balisok, 520 U.S. 641 (1997), because a judgment in Pena's favor would imply the invalidity of his disciplinary sanction and he did not show that the sanction had been overturned. However, Heck and Edwards do not apply to disciplinary proceedings like those at issue here that would not, if invalidated, necessarily impact the duration of the plaintiff's sentence. See Leamer v. Fauver, 288 F.3d 532, 542-43 (3d Cir. 2002); Jenkins v. Haubert, 179 F.3d 19, 27 (2d Cir. 1999). Regardless, we agree with the District Court's holding that Pena's Fourteenth Amendment claim fails on the merits.

[3] Pena's motion for summary action in his favor is denied. Insofar as Pena's motion to proceed in forma pauperis included copies of a "Rule 60 Motion," motion for appointment of counsel, and an "Application for the Issuance of Subpoena for the Production of Documents and Things" that he attempted to file with the District Court Clerk's Office, it appears those documents have now been filed on the District Court docket.